IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD SCHNEITER,

    Plaintiff,

v.                                                                  Case No. 21CV0135

KEVIN CARR, AMY PECHACEK, ET AL.,

    Defendants.

## ANSWER

The Defendants answer the Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants DENY unlawful actions were taken against the Plaintiff and DENY his is entitled to relief under the laws referenced.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants ADMIT this court has jurisdiction.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants ADMIT venue is proper.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth

of the Plaintiff's current address and therefore DENY; ADMIT the remaining allegations.

    5.    Answering Paragraph 5 of Plaintiff's Complaint, Defendants ADMIT.

    6.    Answering Paragraph 6 of Plaintiff's Complaint, Defendants ADMIT.

    7.    Answering Paragraph 7 of Plaintiff's Complaint, Defendants ADMIT.

    8.    Answering Paragraph 8 of Plaintiff's Complaint, Defendants ADMIT.

    9.    Answering Paragraph 9 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of the allegations and therefore DENY.

    10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendants DENY; AFFIRMATIVELY ALLEGE the State of Wisconsin is self-insured.

    11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the identity of the particular customs and policies of the State of Wisconsin referenced and therefore DENY they were "effecting the custom and policy of the State of Wisconsin"; ADMIT the Defendants were acting under color of state law.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants DENY Plaintiff was Deputy Warden of the Wisconsin Correctional Center System (WCCS) from June 19, 2011 to November 8, 2019; AFFIRMATIVELY ALLEGE Plaintiff was Deputy Warden at Dodge Correctional Institution from June 19, 2011 through January 10, 2015, and Deputy Warden at WCCS from January 11, 2015 through November 8, 2019; ADMIT the remaining allegations.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of whether the Plaintiff was an "excellent employee," or whether any other employee had "ever been hired back by the Wisconsin Department of Corrections as a permanent employee at that high of a rank after retiring;" ADMIT the Plaintiff's performance evaluations indicate he met or exceeded expectations.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of whether the Plaintiff had been commended and positively evaluated on several occasions for his professionality and ability to relate with inmates and staff members, particularly diverse inmates and staff members, and therefore DENY; LACK KNOWLEDGE or information sufficient to form a belief as to

whether Plaintiff "supported" flying the LGBTQIA+ pride flag and therefore DENY; ADMIT the remaining allegations.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of who could view Plaintiff's Facebook page and how he identified himself on Facebook and therefore DENY; DENY Plaintiff posted the memes as a private citizen; ADMIT Plaintiff did not post the memes as part of his official job duties; ADMIT he posted at least five memes to his Facebook page in 2019; DENY the remaining allegations.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of the allegations and therefore DENY.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants ADMIT.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants DENY inmates do not have access to Facebook; AFFIRMATIVELY ALLEGE inmates have contact with family and friends in the community who may have access to Facebook and many inmates work in the community; ADMIT the remaining allegations.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendants DENY Deputy Secretary Pechacek initiated an investigation because of the

Lieutenant Governor's statements; LACK KNOWLEDGE or information sufficient to form a belief as to the truth of whether the Lieutenant Governor said the Plaintiff should be terminated immediately; AFFIRMATIVELY ALLEGE that according to the Milwaukee Journal Sentinel, the Lieutenant Governor made a statement on Twitter saying, "Well, now he's the one that has to be taken out. Too much of our nation's system of corrections is based on dehumanization. To add bigotry to the mix is dangerous and cannot be tolerated;" ADMIT the Defendants had not received any inmate or staff complaints about the Facebook postings; DENY the remaining allegations.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants LACK KNOWLEDGE or information sufficient to form a belief as to the truth of whether Plaintiff's coworkers expressed support for him and therefore DENY; ADMIT the remaining allegations.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants DENY the decision to terminate was made "solely on the basis of the content of the Facebook postings;" ADMIT Plaintiff was terminated by letter signed by Amy Pechacek on November 8, 2019; ADMIT Carr, Pechacek, Fessahaye, and Beier contributed to the decision to terminate Plaintiff; ADMIT to the contents of the November 8, 2019 termination letter; DENY the Plaintiff's work performance and conduct were not referenced; ADMIT the letter did not

5

reference Plaintiff's "strengths in leadership…: DENY the remaining allegations.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants DENY; AFFIRMATIVELY ALLEGE Plaintiff was terminated for violating Work Rules 2, 14, 25, and DAI Media Policy 300.00.79; ADMIT the remaining allegations.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants DENY.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants DENY.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendants reallege and incorporate their answers herein.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants DENY.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants DENY.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendants DENY.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants DENY.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendants DENY.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants reallege and incorporate their answers herein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants DENY.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants DENY.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants DENY.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendants reallege and incorporate their answers herein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendants DENY.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants DENY.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants DENY.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendants DENY.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendants DENY.

41. The Defendants DENY each and every allegation not specifically answered herein.

42. The Defendants DENY Plaintiff is entitled to relief.

## DEFENSES

1. Plaintiff's due process claim must be dismissed for failure to state a claim because he did not allege a liberty or property interest protected by the Constitution.

2. Plaintiff's due process claim must be dismissed for failure to state a claim because he did not allege the Defendants failed to provide notice and an opportunity to be heard prior to his termination; and Defendants did provide him constitutionally adequate process.

3. Plaintiff's due process claim must be dismissed for failure to state a claim because he is availing himself of post-deprivation process provided by the State of Wisconsin, and the availability of such post-deprivation procedures require dismissal of his due process claim.

4. Plaintiff's First Amendment claims must be dismissed because the Defendants were acting in their capacity as employers.

5. Plaintiff's First Amendment claims must be dismissed because the employer's actions were necessary to achieve important government

interests of maintaining safety and facilitating rehabilitation in the Wisconsin prison system.

6. To the extent Plaintiff alleges claims against the Defendants in their individual capacities, these claims must be dismissed pursuant to the doctrine of qualified immunity.

7. To the extent Plaintiff alleges claims against the Defendants in their official capacities, these claims must be dismissed pursuant to the doctrine of sovereign immunity.

8. Defendants reserve the right to name additional defenses.

Dated: April 29, 2021.

          Respectfully submitted,

          JOSHUA L. KAUL
          Attorney General of Wisconsin

          /s/ Anne Bensky
          ANNE M. BENSKY
          Assistant Attorney General
          State Bar #1069210

          GESINA SEILER CARSON
          Assistant Attorney General
          State Bar #1055162

          Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9451 (Bensky)
(608) 266-1672 (Carson)

(608) 294-2907 (Fax)
benskyam@doj.state.wi.us
carsongs@doj.state.wi.us